**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IAN MCGEE, <br><br> Plaintiffs, <br><br> v. <br><br> TERRASMART, INC., <br><br> Defendant. | CIVIL ACTION NO. 1:24-cv-260 |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Terrasmart, Inc. ("Terrasmart"), hereby removes the above-captioned action from the Rhode Island Superior Court, Providence County to this Court based on the following supporting grounds:

**I.   PROCEDURAL BACKGROUND AND NATURE OF ACTION**

1. On or about May 24, 2024, Plaintiff, Ian McGee ("Plaintiff"), commenced this action by filing a complaint (the "Complaint") against Terrasmart in Rhode Island Superior Court, Providence County, captioned *Ian McGee v. Terrasmart, Inc.*, bearing Civil Action No. PC-2024-02978. (A copy of the Summons and Complaint are attached hereto as **Exhibit A**.)

2. The Complaint arises from personal injuries allegedly sustained by Plaintiff while completing work on a solar farm in Gloucester, Rhode Island.

3. The Complaint includes four counts against Terrasmart: (i) for negligence (Respondeat Superior) (Count I); (ii) for negligent hiring and supervision (Count II); (iii) for breach of contract (Count III); and (iv) for negligent infliction of emotional distress (Count IV). (*See generally*, Ex. A.)

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

4. The United States District Court for the District of Rhode Island has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

5. First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). Plaintiff states in the Complaint that he is a citizen of New Jersey. (Ex. A, ¶ 1.)

6. Terrasmart is a corporation organized under the laws of the state of Ohio, with its principal place of business in Cincinnati, Ohio. Therefore, under 28 U.S.C. § 1332, Terrasmart is a citizen of Ohio for diversity purposes.

7. Accordingly, complete diversity exists between Plaintiff (a citizen of New Jersey) and Terrasmart (a citizen of Ohio).

### B. Amount in Controversy

8. Second, the amount in controversy exceeds $75,000.00. Despite the fact that the Complaint does not include a specific claim for damages, the preponderance of the evidence available to date suggests that Plaintiff's alleged monetary damages exceed $75,000.00. *See* 28 U.S.C. § 1446 ("[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

9. "The starting point for the analysis of the amount placed in controversy … is the description of the incident as laid out in the complaint." *Hogan v. Wal-Mart Stores East, L.P.*, C.A.

No. 13-603S, 2013 U.S. Dist. LEXIS 182702, at *14 (D.R.I. Nov. 27, 2023).[1] "In considering its value, the Court should rely on judicial experience and common sense." *Id*.

10. This Court has held that the description of injuries set forth in the Complaint suffice to establish the amount in controversy even where a specific amount of damages has not been alleged. *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) (the complaint's description of injuries and medical treatment was sufficient to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000.00, despite the lack of any specific information about the cost of treatment).

11. Based on Plaintiff's alleged injuries, including "significant physical injuries, including a concussion, a facial laceration, three broken teeth, and an open displaced right midclavicular facture," together with the allegation that these injuries "required immediate surgery which included the use of wire, screws and plates to fuse broken bones," it is more likely than not that the amount in controversy for his claims against Terrasmart exceed $75,000.00. (Compl. ¶¶ 10-11.)

12. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00.

### III. TERRASMART HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since Terrasmart was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)

---

[1] Report and recommendation adopted by *Hogan v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 1862 (D.R.I. Jan. 8. 2014).

("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"); *see also Novak v. Bank of N.Y. Mellon Trust Co., NA,* 783 F.3d 910, 911 (1st Cir. 2015) ("[W]e conclude that service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends.").

14. Additionally, venue properly lies in the District of Rhode Island because Plaintiff's claim arises out of injuries allegedly sustained while installing a solar farm in Gloucester, Rhode Island, and Plaintiff commenced this action initially in Rhode Island Superior Court, Providence County.

15. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the appropriate clerk, following filing of this Notice of Removal.

16. Within 14 days of filing this Notice of Removal, Terrasmart shall file with this Court certified copies of the docket sheet and all documents filed in the state court action, pursuant to L.R. 81(a).

17. Terrasmart reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Rhode Island.

TERRASMART, INC.,

By: Its Attorneys

*/s/ Donald W. Seeley Jr.*
Donald W. Seeley Jr., RI Bar No. 10579
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
dseeley@hinshawlaw.com

Dated:     June 28, 2024

## CERTIFICATE OF SERVICE

I, Donald W. Seeley Jr., hereby certify that on this 28th day of June, 2024 I served a true and accurate copy of the foregoing document to counsel of record by email as follows:

Michael J. Santomaro, Esq.
478A Broadway
Providence, RI 02909
michael@santomarolaw.com

*/s/ Donald W. Seeley Jr.*
Donald W. Seeley Jr.

1076005\321605522.v1